In re Jack C. COLTON, Debtor.

Warren F. CHISHOLM, Jr., Plaintiffs,

v.

Jack C. COLTON, Defendant.

Bankruptcy No. B89–0121.
Adv. No. B89–0204.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Dec. 14, 1989.

Robert C. Weltman, Cleveland, Ohio, for plaintiffs.

Robert J. Berk, Cleveland, Ohio, for defendant.

MEMORANDUM OF OPINION
AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is a complaint filed by Thogus Products Co. and Warren F. Chisholm, Jr. (Plaintiffs) to determine the dischargeability of a debt owed them by Jack C. Colton (Debtor). Proper notice having been made on all parties, the Court has received evidence and heard the arguments of counsel. Upon review of the admitted evidence and the arguments of counsel, the following constitutes · the Court's findings pursuant to R. 7052, Bankruptcy Rules.

I.

Debtor borrowed money from both Plaintiffs who subsequently filed suit against Debtor in state court on November 1, 1981. After a period of negotiations in which

both sides were represented by counsel, a Stipulation for Entry of Judgment was entered into by the parties and contained *inter alia* the following provisions:

1.  Both Plaintiffs were awarded $56,-630.00 plus interest and costs.

2.  Further action to recover on the judgment was stayed until January 1, 1983.

3.  Debtor was to quit claim three pieces of property to the Plaintiffs: The Bradley Road property (Permanent Parcel No. 211–23–22), Center Ridge Road property (Permanent Parcel No. 217–13–4), Mastick Road property (Permanent Parcel No. 331–12–13).

4.  The Bradet partnership property, in which Debtor held a 20% interest, was not to be subject to judicial liens or any other type of execution until Plaintiffs had exhausted their remedies against the three aforementioned properties.

5.  Debtor agreed to dismiss his counterclaim against the Plaintiffs. (PX 8).

Debtor acknowledged that he entered into this agreement, was familiar with it and signed it.

Plaintiffs claim that they relied on Debtor's representations that he was the titled owner of the three pieces of real property, that there would be sufficient equity in the three pieces of property to satisfy Plaintiffs' judgment should Plaintiffs be forced to execute on them, and that Debtor would not transfer any other property until Plaintiffs' judgment was satisfied.

Plaintiffs claim that these representations induced them to enter into the agreement and that the representations were false. They state that Plaintiffs' forbearance from execution on the property of the Defendant, as agreed to in the Stipulated Order of Judgment, constituted a refinancing, renewal or extension of credit within the meaning of Section 523(a)(2) that would exempt from discharge a debt for renewal or refinancing of credit obtained by false representations.

Debtor raises the issue of the applicability of the state statute of limitations to the present action. The Court finds this issue is without merit. There is no statute of limitations in § 523(a). That section applies to all debts existing at the time the petition was filed. The subject debts clearly meet that requirement. The only relevant limitation would be the time period in which a complaint to determine dischargeability could be filed, which presently is not an issue.

## II.

The relevant bankruptcy statute governing dischargeability of these debts is § 523(a)(2)(A).

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.... 11 U.S.C. 523(a)(2)(A).

■ The Court finds that Debtor resorted to false representations that would render the subject debts nondischargeable. The Court notes the following unrefuted facts:

1.  The Bradley Road property, which Debtor quit-claimed and mortgaged to Plaintiffs on August 11, 1982 (EX 9) had been foreclosed upon by the seller and second mortgage holder on August 13, 1981 (EX 13).

2.  The Center Ridge Road property, also transferred to Plaintiffs on August 11, 1982 (PX 12) was titled in the name of William Chambers. Although Debtor and his wife are listed as grantors, neither one had a conveyable interest in the property (PX 14). Testimony was clear to indicate that the property transfer was made by the Debtor at a time when he knew that he was not a title holder of the property.

3.  The Mastick Road property, which was transferred on the same date as the two aforementioned properties

(PX 10), with a mortgage granted to Plaintiffs in the amount of $56,000.00 (PX 11), was insufficient to satisfy Debtor's obligations to Plaintiffs.

4. Debtor possessed a 20% interest in Bradet Investments (Bradet) at the time the Stipulation for Entry of Judgment was entered into. Because of the foreclosure against the Bradley Road property, which divested Debtor of interest, because Debtor had no interest in the Center Ridge Road property, and because Debtor's interest in the Mastick Road property was insufficient to satisfy his obligation to Plaintiffs, the provision subjecting Bradet to execution was then triggered. Plaintiffs were enjoined, however, from enforcing this provision until January 1, 1983. Debtor, nonetheless transferred half of his interest in Bradet to Janice Wernli (Wernli) on October 27, 1982 (EX 4) and the other half to Gerald M. Smith (Smith) on December 10, 1982 (PX 6) for antecedent debts. The transfers to Wernli and Smith set forth in Exs. 4 and 6 left the Debtor with no interest to convey to Plaintiffs to satisfy their judgment. This intentional act effectively served to perpetrate a fraud on Plaintiffs relative to their ability to recover on their judgment.

Debtor had knowledge of the provisions of the Stipulated Entry, and his testimony that the transfers to Wernli and Smith were without intent to defraud was incredible. The Court further finds that Debtor's testimony that he told Plaintiffs of the pending foreclosure on the Bradley Road property and of the fact that he had only a partnership interest in the Center Ridge Property was also incredible. Debtor's failure to list Wernli or Smith as creditors on his petition is further evidence of bad faith. Wernli testified that she considered herself a creditor, and Smith's deposition, accepted in lieu of appearance, also stated that Smith was owed an unsecured debt by the Debtor (Deposition of Gerald M. Smith, October 10, 1989, p. 22, 1. 3. *See also* p. 23, 1. 13–25).

III.

■ The establishment of five elements have generally been required to satisfy the provisions of § 523(a)(2)(A); that the Debtor made the representations, that he knew they were false at the time he made them, that the misrepresentations were made with an intention and purpose of deceiving the creditor, that the creditor relied on the misrepresentations, and the creditor sustained a loss as a proximate result. *See, In re Phillips,* 804 F.2d 930 (6th Cir.1986). While circuit courts differ as to whether reliance must be reasonable under § 523(a)(2)(A), the standard in the Sixth Circuit is that, while reliance must be reasonable, the determination of reasonableness must be made by evaluating all the facts and circumstances of the case. *Phillips, supra,* at 933; *In re Martin,* 761 F.2d 1163, 1166 (6th Cir.1985). For example, "evidence of friendship or a close personal relationship weighs heavily in favor of finding reasonable reliance." *Phillips* at 933; see also *In re Kreps,* 700 F.2d 372, 376 (7th Cir.1983) (bank's reliance on long-time customer's informal list of assets and oral promise was reasonable). Here, Plaintiffs had a long-standing social relationship with the Debtor and had no reason to doubt Debtor's representations as to his ownership of the properties. Accordingly, the Court finds that reliance was reasonable.

■ In the instant case, the Debtor falsely represented that the assets he transferred would satisfy his debts to the Plaintiffs and, if the assets were insufficient, Plaintiffs could later levy on Bradet. Plaintiffs, relying on these representations, entered into a Settlement Agreement wherein they provided Debtor with an extension or renewal of credit. Plaintiffs' loss was the proximate result of the intentional, false representations of the Debtor.

IV.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(A), (I) and (O), with jurisdiction conferred under 28 U.S.C. § 1334 and General Order No. 84 of

this District. Under § 523(a)(2) certain debts are excluded under § 727 from discharge. The burden of proving a *prima facie* case is upon the Plaintiffs. Plaintiffs have met that burden with clear and convincing evidence. The burden of going forward is then on the Debtor. Debtor offered no credible testimony or other admissible evidence to refute the Plaintiffs' allegations. The Court finds that the requirements of § 523(a)(2) have been sufficiently satisfied. Accordingly, the subject debts are not dischargeable.

IT IS SO ORDERED.